IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAMAR MONTGOMERY,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>WELLS FARGO, and LI TOWING,<br><br>　　　　　　　Defendants. | 8:24CV397<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on a pro se Complaint filed by plaintiff Lamar Montgomery ("Plaintiff") on October 8, 2024.  Filing No. 1.  Plaintiff, a non-prisoner proceeding pro se, also filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, which has been granted, Filing No. 6.

　　　　The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2), to determine if summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

　　　　Upon review, this Court determines summary dismissal is appropriate, and for the reasons set forth below, the Complaint shall be dismissed without prejudice.

　　　　Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Moreover, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, Plaintiff's Complaint is wholly deficient as he fails to assert any basis for jurisdiction, instead simply writing "[illegible] by wrong person, identity theft, soc [illegible] theft, check fraud Wells Fargo," and writing his initials "LM" in the blanks provided to describe his claims and the relief sought. Filing No. 1 at 3–4. And while Plaintiff does not allege diversity jurisdiction, he fills only his own name in the section addressing diversity jurisdiction as both the plaintiff and defendant. *Id.* at 3.

As Plaintiff's Complaint is wholly deficient, lacking a jurisdictional basis under which this Court may proceed, and lacking a statement of claims, facts in support, or any connection between the named defendants, LI Towing and Wells Fargo, and Plaintiff, the

Complaint should be dismissed in its entirety because it fails to state claim upon which relief may be granted.

IT IS THEREFORE ORDERED that: The Complaint, Filing No. 1, is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 29th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge